IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANITA M. BURKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 21-0395-MU |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anita M. Burks brings this action, pursuant to 42 U.S.C. §§ 405(g),

seeking judicial review of a final decision of the Commissioner of Social Security ("the

Commissioner") denying her claim for a period of disability and Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties have

consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C.

§ 636(c), for all proceedings in this Court. (Doc. 17 ("In accordance with the provisions

of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a

United States Magistrate Judge conduct any and all proceedings in this case, … order

the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also*

Doc. 18. Upon consideration of the administrative record, Burks's brief, the

Commissioner's brief, and oral argument presented at the May 19, 2022 hearing before

the undersigned Magistrate Judge, it is determined that the Commissioner's decision

denying benefits should be affirmed.[1]

## I.  PROCEDURAL HISTORY

Burks applied for a period of disability and DIB, under Title II of the Act, 42

U.S.C. §§ 423-425, on June 20, 2018, alleging disability beginning on October 6, 2017.

(PageID. 307-13). She later amended her alleged onset date to October 12, 2017.

(PageID. 322). Her application was denied at the initial level of administrative review on

August 20, 2018. (PageID. 156-71, 173, 202-06). On August 23, 2018, Burks requested

a hearing by an Administrative Law Judge (ALJ). (PageID. 207-08). Burks appeared at

a hearing before the ALJ on October 2, 2019. (PageID. 102-31). On December 23,

2019, the ALJ issued an unfavorable decision finding that Burks was not under a

disability during the applicable time period. (PageID. 174-93).  Burks appealed the ALJ's

decision to the Appeals Council, and, on March 20, 2020, the Appeals Council granted

her request for review of the ALJ's decision and remanded it to the ALJ for resolution of

the issues of whether her cardiac problems were a severe medically determinable

impairment and, if so, the effect this would have on her maximum residual functional

capacity and/or limitations and her ability to work. (PageID. 194-98).

On remand, after a second hearing was held on March 4, 2021 (PageID. 87-

100), the ALJ again, on April 15, 2021, issued an unfavorable decision finding that

Burks was not under a disability during the applicable time period. (PageID. 67-86).

_____

[1] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit
Court of Appeals. *See* Doc. 17. ("An appeal from a judgment entered by a Magistrate
Judge shall be taken directly to the United States Court of Appeals for the judicial circuit
in the same manner as an appeal from any other judgment of this district court.").

Burks appealed the ALJ's decision to the Appeals Council, and, on July 21, 2021, the Appeals Council denied her request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (PageID. 57-62).

After exhausting her administrative remedies, Burks sought judicial review in this Court, pursuant to 42 U.S.C. § 405(g). (Doc. 1). The Commissioner filed an answer and the social security transcript on March 16, 2022. (Docs. 13, 14). Both parties filed briefs setting forth their respective positions. (Docs. 16, 19). Oral argument was held before the undersigned Magistrate Judge on May 19, 2022. (Doc. 21).

## II.  CLAIMS ON APPEAL

Burks makes the following claims on appeal:

1)  The ALJ erred by failing to discuss the limitations her cardiac conditions would have on her residual functional capacity (RFC) as required by the Appeals Council's remand order; and

2)  The ALJ's RFC determination was not supported by substantial evidence.

(Doc. 16 at p. 2; PageID. 1166).

## III. BACKGROUND FACTS

Burks, who was born on July 17, 1967, was 50 years old at the time she filed her claim for benefits. (PageID. 49; 307-13). Burks initially alleged disability, commencing on October 6, 2017, due to back problems at C5-C6, bulging disc in back, nerve problems, rotator cuff in left arm, high blood pressure, spurs in neck, degenerative arthritis of cervical spine, anxiety, depression, and migraines. (PageID. 355). The date she was last insured was December 31, 2021. (PageID. 350). Burks completed four years of college and worked as a teacher for the fifteen years prior to filing her claim,

teaching second, fifth, and some seventh grade. (PageID. 356-57). She stopped
working as a teacher on October 26, 2015, due to her conditions. (PageID. 355).
According to the Function Report that Burks completed on July 10, 2018, on a typical
day, she takes her medication and takes care of her personal hygiene, using assistive
rails to bathe and toilet. (PageID. 376-77). She doesn't prepare any meals or do any
household chores. (PageID. 378). She does not drive due to chronic left shoulder, neck,
and back pain. (PageID. 379). She tries to go outside and walk with the assistance of
her son or someone else twice a week. (*Id*.).  She stated that she does not go shopping
or participate in any hobbies or activities because of her pain level. (PageID. 379-80).
She is able to pay bills, count change, handle a savings account, and use a
checkbook/money order. (*Id*.). She spends time with others talking and she goes to
church on Sunday with her family. (PageID. 380). At the hearing, she testified that her
inability to work is primarily related to chronic pain in her neck, back, hips, and left
shoulder. (PageID. 113-25, 129-30).

## IV. ALJ'S DECISION

After conducting a hearing, the ALJ determined that Burks was not under a
disability at any time from October 12, 2017, the alleged onset date, through the date of
the decision, April 15, 2021, and thus, was not entitled to benefits. (PageID. 78-79). In
his decision, the ALJ first determined that Burks's DLI was December 31, 2021.
(PageID. 68). He next began the process of applying the five-step sequential evaluation
to Burks's claim. At step one, the ALJ found that Burks had not engaged in SGA during
the period since her alleged onset date (October 12, 2017). (*Id.*). Therefore, he
proceeded to an evaluation of steps two and three. The ALJ found that Burks had the

following severe impairments: degenerative disc disease, major joint dysfunction, obesity, hypertension, status post cardiac pacemaker, history of congestive heart failure, AV heart block, and headaches, but that she did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (PageID. 69-70). After considering the entire record, the ALJ concluded that Burks had the RFC to perform a range of light work, except that she was unable to climb ladders, ropes, or scaffolds, could climb ramps and stairs occasionally, could stoop, crawl, and reach occasionally, could reach with the left upper extremity occasionally, could kneel or crouch frequently, and should avoid even moderate exposure to hazards like machinery and unprotected heights. (PageID. 70-77). After setting forth her RFC, the ALJ determined that Burks could perform past relevant work as an elementary school teacher and middle school teacher. (PageID. 77-78). The ALJ made an alternative finding that, in addition to her past relevant work, there were also other jobs that existed in significant numbers in the national economy that Burks could perform. (*Id.*). Accordingly, the ALJ found that Burks was not disabled within the meaning of the Act from October 12, 2017, through the date of the decision, which was April 15, 2021. (PageID. 78-79).

## V. DISCUSSION

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E). "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the [date last insured]." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted).  "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

As noted above, Burks claims that the ALJ erred by failing to discuss the limitations her cardiac conditions would have on her residual functional capacity (RFC) as required by the Appeals Council's remand order and that the ALJ's RFC determination was not supported by substantial evidence. (PageID 1166). The Court will consider these contentions in the order set forth by Burks.

A.  **Cardiac Condition Findings:**

The contested decision here was issued after remand from the Appeals Council. The Appeal Council vacated the earlier appealed decision because the ALJ did not address whether the abnormal cardiac findings in the record were a severe medically determinable impairment. (PageID. 196). In its remand order, the Appeals Council instructed the ALJ to "[o]btain additional evidence concerning the claimant's physical impairments in order to complete the administrative record," "[g]ive further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of

assessed limitations," and "[i]f warranted, obtain supplemental evidence from a vocational expert to determine whether the claimant has acquired any skills that are transferable to other occupations." (PageID. 196-97). Burks argues that the ALJ erred because he "failed to follow the order of the Appeals Council by assigning the same residual functional capacity as what was previously determined despite the addition of new severe impairments." (PageID 1170). Burks's contention, however, is inaccurate. The Appeals Council did not instruct the ALJ to render a different RFC based on the cardiac problems; rather, the Appeals Council ordered the ALJ to obtain additional evidence regarding her impairments and to further evaluate her RFC in consideration of the additional evidence. (PageID 196-97). Because the original decision was vacated by the Appeals Council, it bears no weight with regard to the Court's analysis of the correctness of Burks's RFC in the decision contested here. *See Gibbs v. Barnhart,* 130 F. App'x 426, 430 (11th Cir. 2005) (finding that "[b]ecause the Appeals Council vacated the first ALJ's written decision with instructions for the ALJ to obtain and consider additional evidence, these specific findings contained in that first written decision were never conclusively established and were subject to modification").

As noted above, the ALJ found that Burks had severe impairments of degenerative disc disease, major joint dysfunction, obesity, hypertension, status post cardiac pacemaker, history of congestive heart failure, AV heart block, and headaches. (PageID. 69-70). Burks argues that the inclusion of the severe impairments of status post cardiac pacemaker, history of congestive heart failure, and AV heart block (hereinafter referred to collectively as "cardiac impairments") must have necessarily altered the previous RFC finding regardless of whether those cardiac impairments

resulted in any additional functional limitations. However, the Eleventh Circuit has held that the mere existence of an impairment, even a severe one, does not prove the extent to which it limits a claimant's ability to work. *See McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986); *see also Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005)(noting that "the mere existence of [certain] impairments does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard"); *Ybarra v Comm'r of Soc. Sec.*, 658 F. App'x 538, 541-42 (11th Cir. 2016)(holding that "[a] conclusion that an impairment is 'severe' for the purposes of step two of the inquiry does not dictate the outcome at step four" in concluding that ALJ took claimant's shoulder impairment into account by limiting claimant to medium work).

In his decision, the ALJ addressed Burks's testimony, objective medical evidence, and non-medical evidence, such as her own statements regarding her symptoms, related to her cardiac impairments and other impairments. (PageID. 71, 73-74, 76-77). The ALJ thoroughly discussed the course of her symptoms and treatment related to her cardiac impairment. (PageID. 73-74). After discussing evidence of Burks's cardiac impairments and the examining doctors' treatment notes and opinions, the ALJ stated, "[t]he claimant's cardiac impairments have been considered and accommodated in the above stated residual functional capacity, as the claimant is precluded from all very heavy, heavy, and medium work in the national economy." (PageID. 74). The ALJ further found that "[t]he residual functional capacity is supported by the general lack of objective disabling clinical findings. For instance, the claimant's congestive heart failure has been resolved by medications and the pacemaker placement." (PageID. 77). The

Court, having reviewed the complete record, finds that the ALJ properly assessed Burks's RFC vis-à-vis her cardiac impairments. All limitations caused by her cardiac impairments were properly considered.

**B.  RFC Determination:**

Burks contends that the ALJ's RFC determination was not supported by substantial evidence. A claimant's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1. It is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. It represents ***the most, not the least***, a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *2 (emphasis added). The RFC assessment is based on "all of the relevant medical **and other evidence**." 20 C.F.R. § 404.1545(a)(3). In assessing a claimant's RFC, the ALJ must consider only limitations and restrictions attributable to medically determinable impairments, i.e., those that are demonstrable by objective medical evidence. SSR 96-8p, 1996 WL 374184, at *2. Similarly, if the evidence does not show a limitation or restriction of a specific functional capacity, the ALJ should consider the claimant to have no limitation with respect to that functional capacity. Id. at *3.

It is well-settled that the ultimate responsibility for determining a claimant's RFC, in light of the evidence presented, is reserved to the ALJ, not to the claimant's

physicians or other experts. *See* 20 C.F.R. § 404.1546. "[T]he ALJ will evaluate a [physician's] statement [concerning a claimant's capabilities] in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.,* 223 F. App'x 915, 923 (11th Cir. 2007); *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a claimant's RFC"). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Jones v. Colvin*, CA 14-00247-C, 2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) (internal quotation marks and citations omitted)).

Burks specifically claims that the ALJ did not account for her need to use a cane to ambulate in the assigned RFC. (Doc. 16 at p. 8). At the hearing conducted by the ALJ on March 4, 2021, Burks testified that she uses a cane to help her get up from a sitting position and to help her walk, both in the house and when she goes out. (PageID. 95-96). She testified that a doctor prescribed the cane but couldn't remember which doctor. (PageID. 95). Her testimony was unclear concerning how often she uses the cane. (*Id.*). Dr. Benjamin Citrin, a cardiologist who saw Burks for an evaluation on January 25, 2021, noted on the Medical Statement that he completed that she "sometimes uses [a cane]," that it was unclear to him how far she could ambulate without a cane, that it was questionable whether the use of a cane was medically necessary, and that she can use her free hand to carry small objects when she is using the cane. (PageID. 1158). A

review of the medical records indicates that throughout 2018 to 2020, Burks presented to various medical providers without a cane or any other type of assistive device and was found to have normal gait. (PageID. 542, 545, 750, 758, 770, 935, 939, 943, 1026, 1146, 1072, 1077, 1081). There is no indication in the medical records that Burks was prescribed a cane by any of her physicians or that the use of a cane was medically necessary.

The ALJ stated in his decision that Burks "uses a cane 'sometimes.'" (PageID. 71). The ALJ went on to review her orthopedic and neurologic medical records and noted, *inter alia*, that Dr. Dempsey, an orthopedist, noted in March of 2018 that Burks "walks without assistive device," found that x-rays showed mild degenerative changes and moderate disc space narrowing, and recommended physical therapy; that MRI of her lumbar spine showed no herniation, no spinal stenosis, and no evidence of nerve root impingement; that MRI of the cervical spine showed only mild degenerative changes; and that Dr. Ronderos, a neurologist, found in March of 2019 that Burks "gets up from a chair with smooth movements," had a normal gait with no abnormal movements, had 5/5 motor strength in all muscle groups, and sensory within normal limits in all extremities. (PageID. 71-72). After considering this evidence, including Burks testimony concerning her use of a cane, the ALJ issued an RFC limiting Burks to light work with additional limitations.

This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner. *See Chester*, 792 F.2d at 131. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. Having reviewed the ALJ's decision and the transcript and considered

the arguments made by Burks, the Court finds that, even though there may be some contrary evidence concerning her use of and the medical necessity for a cane, the ALJ's RFC determination is supported by substantial evidence and based on proper legal standards. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **26th** day of **October, 2022**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**